# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. BELMONT, JR., and<br>PAULA J. BELMONT, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | CIVIL ACTION NO 05-0186-BH-D |
| | ) | |
| JOHN CLARK and DIANE WYATT, | )<br>) | |
| Defendants. | ) | |
| JOHN CLARK and DIANE WYATT, | )<br>) | |
| Counterclaim Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| WILLIAM J. BELMONT, JR., and<br>PAULA J. BELMONT, | )<br>)<br>) | |
| Counterclaim Defendants. | ) | |

## ORDER

This matter is before the court on plaintiffs' motion to extend all discovery deadlines and January 2006, trial date. (Doc. 22). Plaintiffs seek a ninety (90) day extension of all discovery dates and deadlines including the trial date.

However, plaintiffs' motion appears to have been filed without prior consultation with counsel for the defendants. The motion does not indicate that any conference was conducted prior to filing the motion to modify the Rule 16(b) Scheduling Order. Accordingly, plaintiffs' motion is **STRICKEN** because of plaintiffs' failure to certify that a good faith effort to confer and resolve this scheduling issue

was employed prior to seeking court intervention.

Paragraph ten (10) of the Rule 16(b) Scheduling Order entered in this action sets forth, in pertinent part, as follows:

> a. <u>Conferencing by Counsel</u>. The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery. . . . In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter. Instead, counsel seeking court-facilitated discovery must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing the required certification will be stricken.[1]

Accordingly, the parties are **ORDERED** to confer in good faith to determine whether the parties agree that an extended discovery schedule is necessary in this case and to submit to the court a proposed extended discovery schedule which has been agreed upon by the parties. If the parties are unable to resolve this matter, the Court will entertain a future motion which must include a certification by the movant regarding the efforts made to confer, as set forth in the Rule 16(b) Scheduling Order and the Federal Rules of Civil Procedure.

**DONE** this the 31st day of October, 2005.

  s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] See, e.g., <u>Shuffle Master, Inc. v. Progressive Games, Inc.</u>, 170 F.R.D. 166, 171 (D.Nev. 1996)("Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties....[t]hat is, a certificate must include, <u>inter alia</u>, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.").